UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ARLISS TULIN,

                    Plaintiff,

        -against-                        MEMORANDUM AND ORDER
                                         06-CV-5067 (JS)(ARL)
UNITED STATES POSTAL SERVICE,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:        Arliss Tulin, Pro Se
                      3024 Avenue W
                      Brooklyn, NY 11229

For Defendant:        Robert B. Kambic, Esq.
                      United States Attorney's Office
                      Eastern District of New York
                      610 Federal Plaza, 5th Floor
                      Central Islip, NY 11722

SEYBERT, District Judge:

        On September 13, 2006, pro se Plaintiff Arliss Tulin

("Plaintiff") commenced this action against Defendant United States

Postal Service ("Defendant" or "USPS").  Plaintiff does not

specifically allege a cause of action or violation of federal law,

and this Court's jurisdiction is not clear from the face of the

Complaint.  Presently pending are (1) Defendant's motion to dismiss

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of

Civil Procedure for failure to exhaust administrative remedies,

failure to name the proper defendant and failure to state a claim

for employment discrimination, and (2) Plaintiff's motions, (Docket

Entries 18 and 21), to amend his Complaint.  For the reasons

discussed herein, Defendant's motion to dismiss pursuant to Rule

12(b)(6) is GRANTED and Plaintiff's motions to amend are GRANTED.

BACKGROUND

I.  Procedural Background

As noted, Plaintiff filed his two-page, hand-written Complaint on September 13, 2006.  Defendant filed its motion to dismiss on April 24, 2007.  Prior to filing his opposition, which was due on May 11, 2007, Plaintiff sent a letter, dated May 1, 2007, which the Court construed as a request for leave to amend. (Docket Entry 18.)  By Order dated May 8, 2007, the Court set a briefing schedule for Plaintiff's motion to amend and reminded Plaintiff that his opposition to Defendant's motion to dismiss was due May 11, 2007.  In the meantime, Plaintiff sent a second letter, dated May 14, 2007, requesting to amend his Complaint.  (Docket Entry 21.)

Plaintiff failed to file a memorandum of law in support of his motions to amend or in opposition to Defendant's motion to dismiss.  Rather, by letter dated June 15, 2007, Plaintiff indicated that he had "no counter-argument" and made one request: that the Court get him reinstated in the Brooklyn or New York City Post Office as a part-time employee.  (Docket Entry 23.)  Based on Plaintiff's June 15 letter, by Order dated June 27, 2007, the Court deemed the motions fully briefed and indicated that they would be decided on their merits.  Additionally, the Court advised Plaintiff that it does not have the authority to reinstate Plaintiff with

Defendant.

## II. Factual Background

The facts set forth in this Order are taken from the Complaint and are presumed to be true for the purposes of deciding the pending motion to dismiss.

Plaintiff alleges that, on April 21, 2005, he attended a job interview with Defendant at 65 Maxess Road, Melville, Long Island. (Compl.) After the interview was complete, Plaintiff was advised that because he had been previously employed with the post office, his personnel folder would have to be retrieved, which takes approximately two to three weeks. (Id.) Approximately five months later, Plaintiff was advised by letter that there was a hiring freeze on all clerical positions. (Id.)

While Plaintiff contends the Defendant never sent him a disqualification letter, Plaintiff also affirms that Defendant has "no grounds to disqualify [him] even though [he has] a shabby employment record. Plus after being out of the postal service for 25 years they have to give you a fresh start and erase your past employment record." (Id.)

Initially, Plaintiff sought two years' pension credit and two years' back pay. (Id.) In a letter, dated May 1, 2007, which the Court construed as a request to amend the Complaint, Plaintiff indicated that he wanted to modify the suit to "drop the 2 yrs. of back pay and just keep the 2 yrs. of pension credit time" so that

he could get a small pension and health care.  (Docket Entry 18.)
In his second request to amend, dated May 14, 2007, Plaintiff, once
again, amended the relief requested to one year of pension credit
with respect to the year 2006.  (Docket Entry 21.)  In his May 14
letter, Plaintiff explained that he already had four years and four
months' credit towards a pension and that he only needs a total of
five years' credit to be eligible for a small pension and health
care.  (<u>Id.</u>)

DISCUSSION

I.   <u>Standard Of Review</u>

   Defendant moves to dismiss the Complaint on two grounds.
First, Defendant moves to dismiss for lack of subject matter
jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).
Second, Defendant moves to dismiss for failure to state a claim
upon which relief can be granted, pursuant to Federal Rule of Civil
Procedure 12(b)(6).  Because the issue of jurisdiction must be
resolved before this Court can address whether the Plaintiff has
sufficiently stated his claims, Defendant's motion to dismiss
pursuant to Rule 12(b)(1) will be examined first.   <u>See</u> <u>Rhulen</u>
<u>Agency, Inc. v. Alabama Ins. Guaranty Ass'n</u>, 896 F.2d 674, 678 (2d
Cir. 1990) (A "motion to dismiss for failure to state a claim may
be decided only after finding subject matter jurisdiction.")
(citations omitted).

A.    Rule 12(b)(1)

     In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions.  See Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 n.6 (2d Cir. 2001).  Under Rule 12(b)(1), the Court will deem true the factual allegations contained in the Complaint.  See Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).  When, however, there is a question involving federal jurisdiction, such jurisdiction must be shown affirmatively.  See Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515, 45 S. Ct. 145, 69 L. Ed. 413 (1925)); see also Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").  Furthermore, the Court will not draw references favorable to the party asserting jurisdiction.  See Shipping Fin. Servs. Corp., 140 F.3d at 131.

B.    Rule 12(b)(6)

     In Bell Atl. Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court disavowed the half-century old standard set forth in Conley v. Gibson that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), (overruled by Bell Atl. Corp., 127 S. Ct. 1955 (2007). Holding that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough," the Supreme Court expressly rejected the standard in favor of a requirement that the plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp., 127 S. Ct. at 1969, 1974. The Court explained that the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. To be clear, Bell Atlantic does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

Notably, only weeks after deciding Bell Atlantic, the Supreme Court issued a decision discussing pleading standards involving a pro se plaintiff. Erickson v. Pardus, -- U.S. --, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Erickson cited Bell Atlantic for the proposition that, under general pleading rules, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 127 S. Ct. at 2200 (quoting Bell Atlantic, 127 S. Ct. at 1964 (in turn quoting Conley, 355 U.S. at 47)).

The Second Circuit has interpreted <u>Bell Atlantic</u> and <u>Erickson</u> to require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-58 (2d Cir. 2007). In applying this standard, the district court must still accept the factual allegations set forth in the Complaint as true and draw all reasonable inferences in favor of Plaintiff. <u>See</u> <u>Cleveland v. Caplaw Enter.</u>, 448 F.3d 518, 521 (2d Cir. 2006); <u>Nechis v. Oxford Health Plans, Inc.</u>, 421 F.3d 96, 100 (2d Cir. 2005). Moreover, where a plaintiff is proceeding <u>pro</u> <u>se</u>, the Court is required to read the complaint liberally. <u>See</u> <u>Erikson</u>, 127 S. Ct. at 2200 ("a <u>pro</u> <u>se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

In deciding a 12(b)(6) motion, the Court is confined to "the allegations contained within the four corners of the complaint." <u>Pani v. Empire Blue Cross Blue Shield</u>, 152 F.3d 67, 71 (2d Cir. 1998.) Additionally, the Court may examine "any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference" as well as any document on which the complaint relies heavily. <u>Chambers v. Time Warner,</u>

<u>Inc.</u>, 282 F.3d 147, 152-153 (2d Cir. 2002). "Of course, it may also consider matter of which judicial notice may be taken under Fed. R. Evid. 201." <u>Kramer v. Time Warner, Inc.</u>, 837 F.2d 767,773 (2d Cir. 1991). Consideration of materials beyond those just enumerated requires conversion of the 12(b)(6) motion to dismiss to one for summary judgment under Rule 56. <u>See</u> <u>id.</u>

II. <u>Subject Matter Jurisdiction</u>

As Defendant correctly points out, "the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>United States v. Mitchell</u>, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980) (internal quotation marks and citations omitted). Moreover, because the doctrine of sovereign immunity is jurisdictional in nature, Plaintiff "bears the burden of establishing that [his] claims fall within an applicable waiver." <u>Makarova</u>, 201 F.3d at 113.

Defendant invokes this doctrine as a basis for the Court's lack of subject matter jurisdiction over the action. Although not specifically stated, the Court assumes that Defendant attempts to argue that because Defendant is an agency of the United States, it too is entitled to sovereign immunity. Congress, however, "waived sovereign immunity for USPS, through the enactment of the Postal Reorganization Act of 1970, which permits the agency

to sue and be sued in its official name." <u>McKoy v. Henderson</u>, No.
05-CV-1535, 2007 U.S. Dist. LEXIS 5807, at *9 (S.D.N.Y. Jan. 26,
2007) (citing 39 U.S.C. § 401(1)); <u>see also</u> <u>Loeffler v. Frank</u>, 486
U.S. 549, 555-56, 108 S. Ct. 1965; 100 L. Ed. 2d 549 (1988)
(discussing the ability of the USPS to sue and be sued in Title VII
context).

The Court also recognizes that a federal employee or
applicant claiming employment discrimination on the basis of race,
religion, sex or national origin, must seek relief under Title VII
of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e <u>et</u>
<u>seq.</u> ("Title VII"). <u>See</u> <u>Briones v. Runyon</u>, 101 F.3d 287, 289 (2d
Cir. 1996). On the other hand, a federal employee or applicant
claiming employment discrimination on the basis of age, must bring
his claim under the Age Discrimination in Employment Act of 1967,
29 U.S.C. §§ 621 <u>et</u> <u>seq.</u> ("ADEA"). <u>See</u> <u>id.</u>; <u>see also</u> <u>Mitchell v.</u>
<u>Chao</u>, 358 F. Supp. 2d 106, 112 (N.D.N.Y. 2005) Plaintiff utterly
fails, however, to indicate on what basis the alleged employment
discrimination was predicated. Regardless of whether the action is
brought pursuant to Title VII or ADEA, the proper defendant is the
head of the federal agency in which the alleged discriminatory
actions occurred; in this case, John E. Potter, Postmaster General.
<u>See</u> <u>Mitchell</u>, 358 F. Supp. 2d at 113; <u>see also</u> 42 U.S.C. § 2000e-
16(c); <u>Healy v. U.S. Postal Serv.</u>, 677 F. Supp. 1284, 1289
(E.D.N.Y. 1987); <u>Thomas v. Dep't of Veterans Affairs</u>, No. 05-CV-

5348, 2006 U.S. Dist. LEXIS 41110, at *19-20 (S.D.N.Y. Apr. 3, 2006). Plaintiff named only the USPS as a Defendant in this action and, therefore, failed to name the correct defendant. While this defect can easily be cured by amending the Complaint, at this time the Court lacks jurisdiction over Plaintiff's claims. Furthermore, as discussed in Section IV below, there are significant additional defects in the Complaint warranting dismissal.

Defendant also argues that the Complaint should be dismissed under Rule 12(b)(1) based on Plaintiff's failure to exhaust his administrative remedies. Failure to exhaust, however, is not a jurisdictional defect and, therefore, must be considered under Rule 12(b)(6). See Terry v. Ashcroft, 336 F.3d 128, 150-51 (2d Cir. 2003); Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) ("as a general matter, the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement") (internal quotation marks and citations omitted); see also Holowecki v. Fed. Express Corp., 440 F.3d 558, 565 (2d Cir. 2006) (holding same in ADEA context).

III. Exhaustion Of Administrative Remedies

It is well-settled that to bring a Title VII or ADEA discrimination claim, a plaintiff must first exhaust his administrative remedies. See Briones, 101 F.3d at 289. Namely, pursuant to 29 C.F.R. § 1614.105, prior to bringing a Title VII or

ADEA claim, a federal employee or applicant must consult with an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). Plaintiff contends that he was notified of the hiring freeze on September 15, 2005; therefore, he would have had to consult with an EEO counselor no later than October 30, 2005.

As noted above, Defendant also moves to dismiss Plaintiff's Complaint based on Plaintiff's failure to exhaust his administrative remedies. In support of this argument, Defendant relies on the declaration of Kathy M. Thomas, a paralegal specialist employed by Defendant. Ms. Thomas declares that, based upon a search of the "iComplaints system" performed on or about April 24, 2007, Defendant has no record that Plaintiff ever contacted an Equal Employment Opportunity counselor or filed an administrative complaint regarding the allegations set forth in the Complaint. (Thomas Decl. ¶¶ 3-4.)

Unlike a motion pursuant to Rule 12(b)(1), however, when analyzing a motion to dismiss under Rule 12(b)(6), the Court may only consider the facts alleged in the Complaint and documents attached thereto or incorporated by reference as well as any document on which the Complaint relies heavily. See Chambers, 282 F.3d at 152-153; see also Manqiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006). Plaintiff makes no mention in the Complaint of whether he contacted an EEO counselor or filed an administrative

claim, and the Court is unable to consider Ms. Thomas' declaration when deciding this motion.[1]  As a result, the Court is unable to dismiss the action based on Plaintiff's failure to exhaust his administrative remedies.

IV.  Failure To State A Claim

Construing the Complaint liberally and to raise the strongest arguments suggested, the Court finds that Plaintiff is attempting to claim employment discrimination based on Defendant's failure to hire him.  Plaintiff completely fails to allege, however, that he is a member of a protected group or that Defendant engaged in any wrongdoing in failing to hire Plaintiff.  Rather, Plaintiff simply states that Defendant has "no grounds to disqualify me even though I have a shabby employment record." (Compl.)  Plaintiff does not suggest that his failure to be hired was based on any type of unlawful discrimination, such as race, religion, sex, national origin or age.

To be sure, at the motion to dismiss stage, Plaintiff must only satisfy the pleading requirements of Rule 8, see Williams v. N.Y. City Housing Auth., 458 F.3d 67, 71-72 (2d Cir. 2006), which, again, requires Plaintiff to plead facts sufficient to

_____

[1]  Although the Court does not consider it in deciding Defendant's motion to dismiss, the Court notes that, in Plaintiff's May 1, 2007 letter, Plaintiff stated that if the Clerk's Office had advised Plaintiff of the "E.E.O.C. 45 day limit there would have been no lawsuit to begin with." (Docket Entry 18.)

render his claim of employment discrimination plausible. See
Iqbal, 490 F.3d at 157-58. Furthermore, while the Court reads pro
se pleadings more liberally, pro se status does not exempt a party
from compliance with relevant rules of procedural and substantive
law." Forbes v. State Univ. of New York at Stony Brook, 259 F.
Supp. 2d 227, 232 (E.D.N.Y. 2003). Plaintiff has failed to give
Defendant fair notice of the grounds upon which his claim rests and
to sufficiently plead facts rendering his claim plausible. See
Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006)
(holding that the Federal Rules require a plaintiff "to give a
defendant fair notice of what the claim is and the grounds upon
which it rests").

The Court, however, declines to dismiss Plaintiff's
Complaint with prejudice based on his failure to state a claim.
See Sales v. Barizone, No. 03-CV-6691, 2004 U.S. Dist. LEXIS 24366,
at *22 (S.D.N.Y. Dec. 2, 2004) (citing Davis v. Goord, 320 F.3d
346, 352 (2d Cir. 2003) ("At the very least, district courts should
afford pro se plaintiffs permission to amend their complaints at
least once where a liberal reading of the complaint suggests the
existence of a colorable claim."). Accordingly, the Court grants
Plaintiff's requests to amend his Complaint in a manner consistent
with this Order. While Plaintiff may amend the relief requested,
as he requested in his two letters, Plaintiff is advised that he
must also cure the various defects discussed in this Order.

<u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and Plaintiff's motions to amend are GRANTED. Plaintiff's claims are DISMISSED without prejudice. If Plaintiff wishes to file an Amended Complaint, consistent with this Order, he must do so no later than April 4, 2008. Failure to file an Amended Complaint by such date will result in a final dismissal of this action.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          March  25 , 2008

14